PASQUALINA MUSTO *vs.* DOMINICO TUTELLA & another.

Suffolk.   November 14, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Fraud.   Trust,* Constructive.

Upon findings by a master to whom was referred a suit in equity by an Italian woman over seventy years of age, who was wholly unlettered and earned her living as the proprietor of a store and by dealing in vegetables and oils, against her son-in-law, a barber by trade, who from time to time had undertaken various brokerage transactions mainly in connection with real estate and loans, for an accounting as to moneys aggregating $9,200 paid by the plaintiff to the defendant for investment and care, it was *held* that the master was warranted in drawing a conclusion of fact that there was in the confidence reposed in the defendant by the plaintiff a relationship which in effect was one of trustee with the legal duties attendant on such a relation.

Findings of fact by the master in the suit above described, assailed by the defendant as inconsistent one with another, were *held* to have been warranted and not to be inconsistent.

BILL IN EQUITY, filed in the Superior Court on December 4, 1915, for an accounting as to moneys alleged to have been delivered by the plaintiff to the defendant for investment and care.

In the Superior Court, the suit was referred to a master. Material facts found by the master are described in the opinion. The defendant filed exceptions to the master's report, which in substance are described in the opinion. The exceptions were heard by *Wait*, J., by whose order there were entered an interlocutory decree overruling the defendant's exceptions and confirming the report, and a final decree directing the defendants Elisa B. and Dominico Tutella to convey to the plaintiff a one half interest in the property numbered 46 North Bennett Street in Boston upon the plaintiff's tendering to the defendant Dominico Tutella or his attorney the sum of $1,017.23. The defendants appealed from the interlocutory and from the final decree.

*A. C. Lurie,* for the defendants, submitted a brief.

*J. E. Crowley,* for the plaintiff.

PIERCE, J.   This is a suit in equity wherein the plaintiff in her bill of complaint charges that she entrusted to the defendant Dominico Tutella moneys aggregating $9,200 for investment and care, and that the defendant has refused and neglected to account for the same, although he often has been requested so to do by the plaintiff; that the defendant Dominico purchased with the money of the plaintiff a lot of land described in paragraph 8 of the bill of complaint; that he caused the title to the purchased property to be taken in the name of the defendant Elisa B. Tutella and the name of the plaintiff as tenants in common; that the defendant Elisa B. Tutella paid no money for an interest in the real estate; that the entire purchase price was from moneys of the plaintiff; and prayed in substance that the defendant Dominico Tutella be ordered to account, and to pay the plaintiff the amount found due to the plaintiff on an accounting; and that the defendant Elisa B. Tutella be ordered to execute to the plaintiff a deed of the interest in said property now standing of record in the name of Elisa B. Tutella.   The defendants answered that they were ignorant of the matters charged in the second paragraph of the bill so far as they relate to $4,000 deposited in savings banks in the city of Boston, and specifically denied *seriatim* the charges in each and every paragraph of the complaint.

The case was referred to a master to hear the parties and their evidence, and to report his findings to the court together with such facts and questions of law as either party might request.   Hearings before the master were begun prior to the entry of the United States into the World War, were suspended until May, 1922, and concluded with the filing of the report on February 16, 1923.   The defendants filed twenty exceptions based on objections seasonably taken, and moved that the report be recommitted to the master to receive evidence which he had refused to receive after the close of the hearings and the delivery of draft reports to counsel.   The defendants duly appealed from interlocutory decree overruling the exceptions, denying the motion to recommit, and confirming the report of the master.   The court in a final decree found for the plaintiff and the defendants duly appealed therefrom.

As stated by the defendants, the issues raised by their appeal are as follows:

" a. The master's findings of fact are plainly wrong and unwarranted.

" b. The account as stated by the master on page 18 of the record is plainly wrong.

" c. That it is apparent from the face of the report that the plaintiff was estopped from claiming that the defendant holds the undivided half interest in 46 North Bennett Street, as trustee for her.

" d. That certain of the defendants' exceptions to the master's report should have been sustained."

The evidence is not reported.

In support of issue " a " the defendants contend that upon the facts the master was not warranted in his manifest conclusion of fact that there was in the confidence reposed in the defendant Dominico a relation which in effect was a relationship of trust with the legal duties attendant on such relation. The master was fully justified in his inference by the facts found, which are, in substance, that the plaintiff is a wholly unlettered Italian woman over seventy years of age, who earned her living as the proprietor of a small store and by peddling vegetables and oils; that the defendant Dominico is a barber by trade but from time to time has undertaken various brokerage transactions, mainly in connection with real estate and loans; that Dominico is the son-in-law and Elisa is the daughter of the plaintiff; that the relations between the plaintiff and Dominico prior to July 1, 1910, were pleasant, and without strain; that there existed an affectionate family relationship which led to the plaintiff entrusting to Dominico the execution of various acts pertaining to the investment of moneys belonging to her, and in sundry other ways relying upon the advice, assistance and direction of Dominico in respect to business dealings; that the plaintiff relied upon the judgment, good faith and honest dealing of Dominico in accepting and following his advice in respect of making investments and permitting her moneys and assets to be invested as Dominico recommended; that Dominico did not fulfil the obligations of this trust and

confidence placed in him; that he was the son-in-law of the plaintiff, was versed in American customs and ways of business, spoke the English language, and was accepted by the plaintiff as competent to advise her, and to act for her best interest.

The master further found on the whole evidence, which is not reported, and viewing the transaction as a whole, that it was clear that the plaintiff practically entrusted all her moneys to the defendant Dominico for investment; that the usual course in respect to each investment was for the defendant Dominico to disclose what appeared to be a profitable investment, and then for the plaintiff to advance, in some instances from a bank account, but generally from money carried on her person. In this regard the master specifically found that, though there was no specific agreement establishing a trust relationship, there was a well established belief that because of the illiteracy of the plaintiff she needed the advice and guidance of her son-in-law and she in good faith relied upon him as an adviser.

The defendant Dominico complains that the master makes no specific statement that at any time the plaintiff entrusted specific amounts to him for the purposes of investment and that there appears no specific statement as to any investments which were made by him with the plaintiff's funds and which he took in his own name, with the exception of the title to property on North Bennett Street. The short answer to this complaint is that a remedy for such an omission should have been sought through a motion to recommit. However, looking at the report as a whole, it does appear that specific sums were invested in mortgages and otherwise by Dominico in the name of an attorney at law, who acted as attorney for the plaintiff while the defendants' attorney.

The complaint of the defendants under issue " b," that the finding of the master, that the plaintiff was worth $9,200 when her bill of complaint was filed, is inconsistent with other findings in this regard, cannot be sustained, the amount traced to the defendants being in excess of what is claimed by the plaintiff. As regards the North Bennett Street property

the master found that it was purchased in the names of the plaintiff and Elisa B. Tutella, wife of Dominico, as tenants in common; that it was purchased for $11,500, of which price $3,500 was in cash and $8,000 in a first mortgage; that it was admitted by the defendants that $1,906.30 of the $3,500 was money of the plaintiff, that the defendant Dominico claimed the balance, or $1,593.70 belonged to him. This last sum the master finds was also of moneys which " equitably were part of funds belonging to the plaintiff." The master finds in reference to the claim of the defendants that the balance of the purchase price was of moneys earned, that neither Elisa nor Dominico invested any of their own money in this enterprise and that therefore he does " not believe it is necessary for me to analyze what became of these earnings, as a means of balancing conjectural inferences as to whether he might or might not have saved sufficient moneys to total $1,593.70."

The defendants further complain of the conclusions of the master as to the income of the plaintiff, the earnings of the defendant Dominico, and the conduct of that defendant which the master found " was not compatible with the relationship of trust." In each of these respects the reported facts warrant the conclusions of the master; at least it cannot be said of any one of them that such finding is erroneous. *Daniels* v. *Daniels*, 240 Mass. 380.

We find nothing in the fact, that the plaintiff advanced the defendant Dominico $613.75 and took his note therefor in connection with a replacing of a new first mortgage on the North Bennett Street property, which estops her to assert any claim which in law or equity she has against the defendants and the property.

We have carefully examined all the exceptions and are of opinion that each of them must be overruled.

*Decree affirmed.*